May it please the Court, Joseph Giannini, your Honor. I ask the Court to vacate the District Court's conclusion that it did not have subject matter of this complaint and send it back, remand it for a trial on the merits. I filed this complaint. The question before the Court is whether or not the District Court had subject matter jurisdiction of this complaint. It was filed under 42 U.S.C. 1983, 42 U.S.C. 1985-2, and 42 U.S.C. 1986 under the jurisdictional statutes of 28 U.S. 1343. Your Honor, the case is alleged in a 21-page complaint. I'm saying that the individually named defendants, acting under color of state law, engaged in ultra-virus acts that were not authorized and that they did this in regional... I know what you... I know... I recognize the civil rights case. I just got through one in the Third Circuit. Where is any production of evidence other than your statement that these people did anything wrong or... I know you were deprived of being a lawyer, but where is any allegation made with definiteness that is other than the conclusion? In other words, where is the allegations of evidence that they did something wrong? Well, Your Honor, the evidence is that when they say... What I allege is that I had the lowest score provided to me of any attorney on the bar exam three times in a row, and that while they said that I had received the lowest score, I passed the National Conference of Bar Examiners objective examination at the same time. The statistical discrepancy between having the lowest score on the subjective test and passing the objective test in of itself, taking into consideration that the purpose of an exam is to determine a minimum level of competence, and I've already been admitted in practicing law for 23 years that there... You know, you're not in bad company in not being admitted. The former dean of Stanford didn't pass the bar. I come from North Dakota, and the justice of the North Dakota Supreme Court some years ago came to California, couldn't pass the bar. So I don't see that we can glean a fact from that you were in good standing and a practicing lawyer in other jurisdictions that this shows that they aimed at you any more than they've aimed at Dean Sullivan or the former justice from North Dakota. Your Honor? I see you can respond to that if you will. I've published articles in the newspapers. I've been an outspoken advocate for MJP. I was received under that ancient fellowship for something more than private gain. I became an officer of the court. The actions that I have filed representing numerous attorneys throughout the United States and numerous courts, they're well aware of these actions, and they're well aware that they do not want reciprocity, which I was able to get Senator to sponsor and voted into law in California for reciprocity, enacted by the legislature. Delegating to the California Supreme Court the duty to appoint a commission and to implement reciprocity, and the result was that nobody got reciprocity. They are fully aware of who I am. They are fully aware of the advocacy I've had. I've submitted documents of smoking guns, of the incongruity between the scores of my advocacy, which they find antithetical to their vested interest. They're telling me that they wanted me to sue them. Before I even took the bar exam, they told me I want to sue them. I said that in the complaint under oath, and it must be construed as true. They had a motive. They had an intent. They had an opportunity. Let me just step back for one moment again. I want to make sure I understand the nature of your claim. Are you claiming that you were deprived of being denied admission to the state bar in violation of your constitutional rights? No. Or are you claiming that the actions of the state bar, the individual members, were designed to chill your First Amendment speech rights? Exactly, Your Honor. The latter. The latter. What I allege is that they're very much aware of my advocacy. Certain individuals do not want this advocacy to go through. They have blacklisted me. They have branded me public enemy number one for years and years and years because of what I believe, which is that, consistent with what the American Bar Association believes, that the model rule for admission on motion should be adopted throughout the United States. Thirty-five states have adopted that rule. Essentially, there's been a paradigm change in admission protocol. The ABA held hearings all throughout the United States. I testified. Annie Guilford testified. She testified for reciprocity. The Conference of Chief Justices has endorsed reciprocity. It doesn't sound like you were much chilled. You certainly got what you wanted to say heard, didn't you? The problem here is that you're asking for damages from the state of California. No, I'm not, Your Honor. 1983. I'm asking for damages for individuals for ultra-virus actions. For not admitting you to the state bar? No, no. Well, what actions are ultra-virus that have caused you damages? They've retaliated. They've blacklisted me. By what? By not admitting you to the bar? No, they don't have the right to admit me to the bar, Your Honor. Yes, they don't. They can only give you an up or down. No, they can give a recommendation to the state Supreme Court of California. Yes, Your Honor. And if you're denied admission, you have to petition for review to the state bar of California. You've known that since Giannini versus the Committee of Bar Examiners in 1988, because we already held that, right? So my question is, since you haven't petitioned the state of California Supreme Court and haven't been denied admission by the Supreme Court of California after petition to them, you don't have a cause of action. Your Honor, my reliance before the Court was the Portman case, the Hadle case under 1985, where Justice Rehnquist said the gist of the wrong with this 1985, it's intimidation or retaliation for appearing as a witness or party in a case. That was the basis of my argument below. It's been the basis of my argument on appeal. The retaliation is what? That they jury-rigged, I think was the word you used, they jury-rigged your bar exam results? Is that the nature of the retaliation? Or is the nature of the retaliation, as Judge Bea was saying, that they didn't give you a recommendation to the state bar? Which is the retaliation? The retaliation is that they blacklisted me. They underscored my examination deliberately and intentionally because they didn't want my views being ---- What do you mean by blacklisted you? Blacklisted. There's a big list that they have, Your Honor. It says Joseph Robert Giannini not allowed to practice law in California. He sued us for reciprocity. He's public enemy number one. We're never going to admit him here. That's the list I'm on, Your Honor. Everyone there knows me. This guy, Mr. Wongs, came up to me and yelled at me. He said, we're never going to have reciprocity. Never. We want you to sue us. Over and over again, they tell me the same thing. You know, I filed for bankruptcy. I wanted a fresh start. I can't get a fresh start. They will never let me up, Your Honor. They will never let me up. I try. I've done everything I possibly can. And they say, we don't want your views here. Go someplace else. Thank you, Your Honor. Thank you. Good morning. Tracy McCormick. May it please the Court. I'd just first like to say that there should be no shame in a failure to pass the bar exam in California. It's a very difficult exam. It's well-known across the United States as being one of the most difficult bar exams there is. And so Mr. Giannini should not feel ashamed that he's failed to pass the bar exam. No one should. But the issue here is one of subject matter jurisdiction. As the Court correctly noted, Mr. Giannini did not petition the California Supreme Court, and as a result, there's been no denial, no deprivation of his rights. So that there was retaliation by the State Bar employees to grade down, to jury rig the bar exam, to undergrade, I think he said, his exam. And the purpose was to chill his First Amendment rights to speak on this reciprocity issue. I didn't see the State Bar addressing this in their briefs, and I'd like to hear why you think that's not a cause of action, whether meritorious or not, that at least the Court would have subject matter jurisdiction over. Well, there's a couple of issues that are raised by that question, the first of which is that this is addressed by Cheney. It goes back to Cheney, where the State Supreme Court has to have an opportunity to first look at these issues. That's for deprivation from admission to the bar. He's talking about First Amendment, chilling his First Amendment rights. Well, I think you can't really separate those out. You can't have one without the other, Because if he hasn't been denied access to being a member of the State Bar of California, then he suffered no injury. And if he suffered no injury — Well, isn't the court says that chilling First Amendment rights is an injury. Why isn't that a cognizable injury? You can't analytically separate the two out. What you have is his complaint for retaliation. If he hasn't been denied access to the bar, then what does he care what the result of his bar exam score was? They're part and parcel of the same issue. Isn't knowing that State Bar employees are going to undergrade your exam something that would chill the speech of a firm-minded person or the test that's raised in the good cases? Well, I don't think so, because it's so intertwined with the issue of whether he's passed. There's no injury. There's nothing that he has as damage or harm. He can't state a cause of action if there's been no harm as a result. Chilling of your First Amendment rights isn't a harm? It's not that he's — he hasn't really established that under the First Amendment complaint. He's complaining first that he's been retaliated against, and then he talks about the fact that the exam is unfair, and then he talks about the statistical probabilities. But he doesn't really allege that his speech has been chilled. He alleges retaliation. Well, he's alleged it, that his speech has been chilled. J.R.G., like Dr. Oscad, is suing to enforce his constitutional right to be free of retaliation for exercising his right to free speech. The appellees are acting under color of state law to censor viewpoints they dislike. As a result of these activities, all of which are protected by the First Amendment Sacred Rights to Speech Association's petition for redress of grievances, the State Bar is retaliating against the plaintiff. So he's certainly alleged that in his brief. Well, I just believe that based on the way he's laid it out and the lack of harm that legally attaches, you can have no injury if there's been no deprivation. And so if he has no harm, he can't state a cause of action, first of all. And it actually does go back to Cheney once again. The California Supreme Court has the unique authority over attorney admissions in California. And this issue, as he's alleged it, is so closely related to that very important state interest that the California Supreme Court under Cheney should have first opportunity to address it. From time to time in the history of bar admissions or refusals, the Supreme Court of California has taken a look at admissions or refusals by the committee and has granted the petition for review. I think it happened once in Mr. Hallinan's case, Vincent Hallinan. So what you're saying is that until the Supreme Court has a chance to right whatever wrongs Mr. Giannini is complaining of, there has been no deprivation and, therefore, no chilling of his First Amendment rights. Exactly, Your Honor. Well, let me add. Here's what I'm reading from the judge's opinion. It said, Plaintiff's central allegation is that the defendants have intentionally denied him admission to the State Bar by repeatedly manipulating his essay scores on the bar exam in retaliation for his advocacy of reciprocal bar admission. I'm not saying that's true. Now, if that's the central allegation of his complaint, it is a complaint, as I see it, that the bar people are manipulating his scores and retaliating him for his exercise of First Amendment rights. Now, to me, there's civil rights jurisdiction here. It may well be that maybe the complaint doesn't fulfill the requirements for civil rights action or maybe it's a summary judgment, but no jurisdiction on the basis that the Supreme Court grants admission is not what he's complaining about. He says you manipulated his scores and not you, bar people. Now, and that's the only issue we got is does that state a claim? Is there jurisdiction? And you're saying no because he's got to have a claim against the Supreme Court, but he's not saying he's entitled to the bar. He's saying you manipulated his exams and he mentioned a blacklist on them. Now, is there a record in this case besides the complaint? You know, the court says is there anything other than the complaint in this action? No. There's no affidavits, nothing else? No. Mr. Giannini submitted a variety of attachments in his excerpts of record, but those were never formally part of the record below. Well, were there attachments to the complaint? I don't believe there were, Your Honor. Okay. Are there any further questions? No, thanks. I submit. Thank you. All right. Mr. Giannini, do you wish to submit a rebuttal for a couple of minutes? Thank you, Your Honor. I appreciate it. As far as petitioning the California Supreme Court, in the entire history of the California Supreme Court, there's never been one case where they've reviewed a decision of the committee of bar examiners to deny certification to an out-of-state attorney. In the history of the court, they have reviewed examinations submitted by applicants and on the issue of whether the state bar examiners were fair, reasonable, and unprejudiced in grading examination questions. You agree to that, don't you? I can't think of any cited cases, Your Honor, but they may have. I remember even those before I took the bar, just in case. My contention is I once before, after I filed in a federal court, the federal court said go to the California Supreme Court first for review. And I filed for review in the California Supreme Court. In this case? Not in this case. In another case. And they said, no, we're not going to grant you review. So you lost once and that means you don't have to file again on another case? Well, Your Honor, my only point I'm trying to make is that I have experience and I've reviewed the records in the California, in the case law, and they've never once reviewed an application by an out-of-state attorney that was denied admission in any published proceeding. They've never done it. And I don't foresee that they're going to be doing it any time, too. That's why I filed a retaliation claim, which I do not have to go to the California Supreme Court from, I don't believe, based on the Maldonado decision versus Harris, where they talk about the Rooker-Feldman doctrine. And what the court said was if, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or admission by an adverse party, Rooker-Feldman does not bar jurisdiction. I said it in my brief, Your Honor, it's Maldonado versus Harris, 2004. It's basically one of the strongest cases that I rely upon in my arguments to the court. I don't have to go to the California Supreme Court to file civil rights violations. Thank you very much. Thank you. The matter previously argued is submitted. And we go to the next matter on the calendar, which is the United States of America versus Alfred Koonin argument has been vacated. And the case after that is the United States of America versus Roberto Cervantes Flores. And that was submitted on the brief. And decision is deferred pending USA versus Silva, 0550871, and United States versus Bates, 0650047. Which brings us to Eastman versus Woodford.
judges: Bright , Bea, Ikuta